# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE CARR, CDCR #E-22561,<br><br>                              Plaintiff,<br><br>vs.<br><br>J. TORQUATO, Corrections Officer; WARDEN, Calipatria State Prison,<br><br>                              Defendants. | Civil No.   14-CV-2259 H (JLB)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S REQUEST TO PROCEED IN FORMA PAUPERIS**<br>**[Doc. No. 1]**<br><br>**(2) SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND § 1915A(b)(1)**<br><br>**AND**<br><br>**(3) GRANTING LEAVE TO AMEND** |

Claude Carr ("Plaintiff"), currently incarcerated at California State Prison's Substance Abuse Treatment Facility ("SATF") in Corcoran, California, and proceeding pro se, lodged a civil rights complaint against Correctional Officer J. Torquato and an unnamed warden ("Defendants") pursuant to 42 U.S.C. § 1983 in the Central District of California on August 4, 2014, together with a request to proceed in forma pauperis ("IFP"). (Doc. Nos. 1, 3.) On September 2, 2014, Plaintiff filed a motion for leave to amend the complaint in order to correct the spelling of Defendant Torquato's name.

(Doc. No. 5.) For the reasons below, the Court grants Plaintiff's request to proceed in forma pauperis, denies Plaintiff's motion for leave to amend as moot, and sua sponte dismisses the complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**Background**

Plaintiff filed a complaint in the Central District of California claiming that Defendant Torquato violated his constitutional rights at Calipatria State Prison ("CAL") in November 2013. Plaintiff alleges that Defendant Torquato made false and libelous statements on a CDC Form 128-B "chrono" related to Plaintiff's alleged attempts to copy pornography in violation of institutional mail procedures. (Doc. No. 3 at 5.)

On September 2, 2014, Plaintiff filed a motion for leave to file an amended complaint because he noticed Defendant Torquato's last name was misspelled as "Torguato" on the Court's docket. (Doc. No. 5.) Plaintiff does not seek leave to amend his pleading; instead he seeks leave merely to correct the docket so that it reflects the proper spelling of Defendant Torquato's name.

On September 22, 2014, the Court in the Central District transferred the case to this Court for lack of proper venue pursuant to 28 U.S.C. § 1406(a), and vacated the order granting Plaintiff leave to proceed IFP and declined to rule on Plaintiff's pending motion to amend so that the transferee court could resolve both matters. (Doc. No. 7 at 2–3.)

**Discussion**

**I.     Request to Proceed IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. See 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the

---

[1] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. See 28 U.S.C. § 1914(a), (b); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule (eff. May 1, 2013). However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. Id.

entire fee only if the court grants him leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed.  See 28 U.S.C. § 1915(b)(1) & (2); Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); Andrews v. King, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards them to the Court until the entire filing fee is paid.  See 28 U.S.C. § 1915(b)(2).

In support of his IFP motion, Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and Civil Local Rule 3.2. Andrews, 398 F.3d at 1119.  Plaintiff's trust account statement shows no monthly deposits or balance and a current available balance of zero at the time he submitted it for filing.  See 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay [an] initial partial filing fee."); Taylor, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available").

The Court therefore grants Plaintiff's motion to proceed IFP (Doc. No. 1), and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). The $350 balance of the filing fees required by 28 U.S.C. § 1914(a) will be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.     Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1)

### A.     Standard of Review

Notwithstanding IFP status or the payment of any filing fees, the PLRA also requires the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." See 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss a complaint, or any portion of a complaint, which is frivolous, malicious, fails to state a claim, or seeking damages from defendants who are immune. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. The "mere possibility of misconduct" falls short of meeting this plausibility standard. Id.; see also Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their

veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679; see also Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that section 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). Nevertheless, the reviewing court need not accept "legal conclusions" as true. Iqbal, 556 U.S. at 678 (2009). The court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (quoting Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). But a court may not "supply essential elements of claims that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations" are not "sufficient to withstand a motion to dismiss." Id.

**B.   42 U.S.C. § 1983**

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1138 (9th Cir. 2012).

**C.   Respondeat Superior and Individual Liability**

Plaintiff has included an unidentified Warden at CAL as a defendant, seeking to sue him in his official capacity as the facilitator of CAL at the time that Defendant Torquato allegedly violated his rights. (Doc. No. 3 at 3.)

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual

actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see also Jones v. Cmty. Redevelopment Agency of City of L.A., 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiffs must "allege with at least some degree of particularity overt acts which defendants engaged in" to state a claim).

Plaintiff's complaint contains no specific factual allegations directly related to the Warden and it includes no details as to what the Warden did, or failed to do, to violate his constitutional rights. Iqbal, 556 U.S. at 678 (noting that Fed.R.Civ.P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'") (quoting Twombly, 550 U.S. at 555, 570). Plaintiff alleges only that the Warden was the "facilitator of [the] prison at the time [the] violation occurred." (Doc. No. 3 at 3.)

Plaintiff's pleading must include sufficient "factual content that allows the court to draw the reasonable inference that the [Defendant is] liable for the misconduct alleged," Iqbal, 556 U.S. at 678, and describe personal acts by the Defendant that show a direct causal connection to a violation of specific constitutional rights. Maxwell v. Cnty. of San Diego, 708 F.3d 1075, 1086 (9th Cir. 2013) (citing Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)). "Causation is, of course, a required element of a § 1983 claim." Estate of Brooks v. United States, 197 F.3d 1245, 1248 (9th Cir. 1999). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (citing Rizzo v. Goode, 423 U.S. 362, 370-71 (1976)).

A supervisor is only liable for the constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and with deliberate indifference failed to prevent them. Maxwell, 708 F.3d at 1086. Because Plaintiff's allegations rest entirely on the Warden's role as a "facilitator" of the entire prison, they are insufficient to state a § 1983 claim. The Court therefore dismisses them

6

14cv2259 H (JLB)

1  pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). See Lopez, 203 F.3d at
2  1126-27; Rhodes, 621 F.3d at 1004.

### D. "False" and "Libelous" Statements

As to Defendant Torquato, Plaintiff alleges he generated a CDC-128B chrono[2] which contained false and libelous statements regarding Plaintiff's prior attempts to copy pornographic material. (Doc. No. 3 at 5.) Plaintiff concedes he was found guilty of a rules violation for possessing pornographic material. (Id. at 6.) Plaintiff alleges that Defendant Torquato falsely included information in his prison file which suggested he had tried to copy pornographic material or circumvent institutional mail policy. (Id.) Plaintiff claims that Defendant Torquato relied on this false statement to request that Plaintiff be removed from his job. (Id.)

Even when alleged to have occurred under color of state law, defamation alone does not amount to a constitutional violation unless it is accompanied by harm to "some more tangible interests." See Paul v. Davis, 424 U.S. 693, 701 (1976). Therefore, a § 1983 plaintiff must allege the loss of a constitutionally protected property or liberty interest in addition to an injury to his reputation. See Cooper v. Dupnik, 924 F.2d 1520, 1532 (9th Cir. 1991), aff'd, 963 F.2d 1220, 1235 n.6 (9th Cir. 1992) (en banc). This is the "defamation-plus" test. See id.

"A § 1983 'defamation-plus' claim requires an allegation of injury to a plaintiff's reputation from defamation accompanied by an allegation of injury to a recognizable property or liberty interest." Crowe v. Cnty. of San Diego, 608 F.3d 406, 444 (9th Cir. 2010) (quoting Cooper, 924 F.2d at 1532). "'There are two ways to state a cognizable § 1983 claim for defamation-plus: (1) allege that the injury to reputation was inflicted

---

[2] Pursuant to the California Department of Corrections and Rehabilitation's ("CDCR") Operations Manual, correctional staff use "CDC Form 128 series (chronos) . . . to provide progress reports on inmates." See CDCR Operations Manual §§ 72010.6 (2014). A CDC-128B chronos records "matters of classification, parole, or social service," including "behavior, personal cleanliness, general attitude, and personality," and a CDC Form 128B-1 "is initiated when an adverse classification action may occur or a major program change is anticipated." See id. §§ 72010.7, 72010.7.1.

in connection with a federally protected right; or (2) allege that the injury to reputation caused the denial of a federally protected right.'" Id. (quoting Herb Hallman Chevrolet v. Nash-Holmes, 169 F.3d 636, 645 (9th Cir. 1999)). In other words, "[d]efamation, by itself, is a tort actionable under the laws of most states, but not a constitutional deprivation." Siegert v. Gilley, 500 U.S. 226, 233 (1991).

Here, Plaintiff has failed to allege that Defendant Torquato generated the chrono "in connection with" Plaintiff's federally protected rights, or that it caused the denial of such rights. Crowe, 608 F.3d at 444. Plaintiff enjoys no constitutional right to prison employment or any specific job or work assignment within the prison. See Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1997) (noting inmates have no constitutional right to work); Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989) (no constitutional right to continued participation in work release program sufficient to implicate a property interest protected by the Fourteenth Amendment); Flittie v. Solem, 827 F.2d 276, 279 (8th Cir. 1987) (inmates have no constitutional right to be assigned a particular job).

Therefore, the Court finds that Plaintiff has failed to state a plausible claim for relief against Defendant Torquato upon which § 1983 relief can be granted, and dismisses his complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). See Lopez, 203 F.3d at 1126-27; Rhodes, 621 F.3d at 1004.

**IV.   Conclusion and Order**

Good cause appearing, the Court:

1.   Grants Plaintiff's request to proceed IFP pursuant to 28 U.S.C. § 1915(a). (Doc. No. 1.)

2.   Orders the Secretary of the CDCR or his designee to collect from Plaintiff's prison trust account the $350 filing fee owed in this case and to garnish monthly payments in an amount equal to twenty percent (20%) of the preceding month's income and forward them to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS

ACTION.

3. Directs the Clerk of the Court to serve a copy of this order on Jeffrey A. Beard, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. Dismisses Plaintiff's complaint without prejudice for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). The Court grants Plaintiff forty-five (45) days leave to file an amended complaint that cures all noted deficiencies of pleading.[3] Plaintiff's amended complaint must be complete in itself without reference to his original pleading. See S.D. Cal. CivLR 15.1; Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted) ("All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived.").

**IT IS SO ORDERED**

DATED: November 12, 2014

HON. MARILYN L. HUFF
UNITED STATES DISTRICT COURT

---

[3] On September 2, 2014, Plaintiff filed a motion for leave to amend his complaint in order to correct the spelling of Defendant Torquato's last name. (Doc. No. 5.) The transfer order from the Central District of California contained the correct spelling of Defendant Torquato's last name, and the spelling is currently correct on the docket. Therefore, Plaintiff's motion for leave to amend is moot.